UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CR No. 1:08-M-122A |
| | : | |
| MARCO DeJESUS | : | |

**MEMORANDUM AND ORDER**

Defendant is charged with possession of heroin with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  On August 27, 2008, Defendant appeared before this Court simultaneously for a preliminary hearing held pursuant to Fed. R. Crim. P. 5.1 and a detention hearing held pursuant to 18 U.S.C. § 3142.  Defendant was represented by privately retained defense counsel at the hearing.  At the conclusion of this hearing, this Court took the issues of probable cause and bail under advisement.  For the reasons discussed below, this Court finds (1) PROBABLE CAUSE, pursuant to Fed. R. Crim. P. 5.1(e), to believe that the charged offense was committed and that Defendant committed the offense; and (2) that Defendant has not rebutted the presumption created by 18 U.S.C. § 3142(e) that no condition or combination of conditions of release will reasonably assure the appearance of Defendant as required and the safety of the community.

**Discussion**

**A.  Preliminary Hearing Standards**

The Government's burden to establish probable cause at this preliminary stage is low.  A preliminary hearing under Fed. R. Crim. P. 5.1 is narrow in scope.  Its purpose is solely to test whether "probable cause" exists as to the offense(s) charged.  It is not a discovery mechanism for a defendant, and it is not a trial to determine guilt or innocence.

Although mere suspicion does not suffice, probable cause may be found where there is a "fair probability," based on the totality of the circumstances, that a defendant committed the offense charged. See United States v. Mims, 812 F.2d 1068, 1072 (8th Cir. 1987), quoting Illinois v. Gates, 462 U.S. 213, 231 (1983). The Federal Rules of Evidence are not generally applicable at preliminary hearings, Fed. R. Evid. 1101(d)(3), and accordingly, a probable cause finding may be based, in whole or in part, on hearsay evidence.

**B.   Probable Cause**

The Government relied on the testimony of DEA Task Force Agent Joseph Colanduono. Defense counsel thoroughly cross-examined the Agent and did not offer any other evidence on Defendant's behalf.

The evidence presented establishes probable cause to believe Defendant resides at 209 Sisson Street in Providence with Peter Quinones.[1] This is a one-story, single-family home with living quarters in the basement and on the first floor. Defendant was apparently living on the first floor and Quinones in the basement. On August 8, 2008, the Providence Police executed a search warrant at the premises and seized over two kilograms of heroin, over $5,000.00 in cash, drug processing and packaging materials and a drug ledger. Defendant was present when the warrant was executed, and Quinones was not. The Agent indicated that Defendant was in the driveway making a kilogram press at the time.

Most of the drugs and the paraphernalia were found in the basement. Although the single-family home contained living quarters, including a kitchen, in the basement, there is no indication

---

[1] Although Quinones was identified as a target, he apparently has not yet been arrested or charged.

that the basement is a separate and segregated apartment.[2]  On the first floor where Defendant resided, the Police seized a drug ledger and $2,580.00 in a hallway closet, approximately eighty-six grams of heroin in the pocket of a hanging coat and $2,955.00 from Defendant's person. Defendant's fingerprints were found on the package containing the eighty-six grams of heroin and on a box for a digital scale.

The Agent also testified that Defendant made two inculpatory statements after receiving his Miranda warnings.  The first one at the scene of arrest was "officer you got me, you're doing your job."  The second one was at the Police Station.  According to the Agent, Defendant claimed ownership of all the heroin seized at the house and stated that he purchased it in New York on the "cuff," i.e., on credit.  When asked how much heroin was present, Defendant incorrectly estimated that the amount was 700 grams and he was also unable to state how many packages or bricks of heroin were in the basement.

During cross-examination, the Agent candidly testified that he disbelieved portions of Defendant's confession.  For instance, the Agent's opinion was that Defendant did not buy the large quantity of heroin on the "cuff" in New York and the Agent disbelieved Defendant's claim of ownership of all of the heroin seized in the house.  Defense counsel raised factual issues as to the extent of Defendant's involvement in the heroin trafficking occurring out of 209 Sisson Street and the veracity of his attempt to claim ownership of all of the heroin.  However, such issues do not negate the Government's showing of probable cause.  As discussed above, Defendant was living in a small, single-family home with Mr. Quinones and the Police seized a substantial amount of heroin, cash and evidence of drug dealing from that home.  Defendant's fingerprints were on a package

---

[2] The City of Providence's Tax Assessor Database identifies 209 Sisson Street as a 936 square foot, single-family bungalow.

containing eighty-six grams of heroin and on a box for a digital scale – a scale that was seized and which had heroin residue on it.  Defendant was arrested with nearly $3,000.00 cash on him and he was making a kilogram press at the time.

Again, although there may be an issue as to the extent of Defendant's involvement, the evidence establishes probable cause to believe Defendant was involved in possessing (be it actual or constructive possession, or sole or joint possession) heroin with intent to distribute.  Viewing the evidence in its entirety and in a practical, common sense fashion, this Court concludes that the evidence presented by the Government meets its "low" burden of establishing probable cause that Defendant committed the offense charged in the Criminal Complaint.

**C.  Bail**

It is undisputed that Defendant is charged with a drug distribution offense carrying a maximum term of imprisonment of ten years or more, creating a rebuttable presumption that no condition or combination of conditions of release will reasonably assure the appearance of the defendant as required and the safety of the community.  See 18 U.S.C. § 3142(e).

Once the statutory presumption is triggered, a defendant may rebut it by producing evidence that he is not a risk of flight or danger to the community.  United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988).  Although the ultimate burden of persuasion remains with the Government, the presumption, even if rebutted by a defendant, remains a permissible consideration along with the other § 3142(g) factors.  Id. (noting Congress' conclusion that "generally drug traffickers pose special risks of flight").  For the reasons outlined below, Defendant has not rebutted the statutory presumption against bail.

Defendant has lived in Providence since his teen years. His mother and sister live in Providence. Defendant has five children living in Rhode Island. However, he does not currently live with any of them. Three of his children live in East Providence with his former girlfriend. He recently separated from another girlfriend and she moved out with two very young children including an infant. Defendant did not report any stable employment for several years other than "on and off" self-employment as a tattoo artist.[3] He has no financial ties to the community. Defendant has a fairly limited criminal record but it does include one instance where Defendant failed to appear to answer a criminal charge and a warrant is outstanding. Such failure is a relevant factor under the Bail Reform Act. 18 U.S.C. § 3142(g)(3)(A). Defendant is charged with an offense which "involves a narcotic drug," 18 U.S.C. § 3142(g)(1), and the weight of the evidence against him, as outlined in Section B above, is strong. 18 U.S.C. § 3142(g)(2).

Considering and balancing all of the § 3142(g) factors, this Court finds that there is a serious risk that Defendant would not appear and also that he presents a danger to the community if he reverted to the criminal activity charged in the Criminal Complaint. Thus, bail is DENIED and Defendant is remanded to the custody of the Attorney General or his designee pending further proceedings in this case.

SO ORDERED.


  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 28, 2008

---

[3] At the hearing, defense counsel attempted to distance Defendant from the basement where the two kilograms of heroin were seized. However, Defendant reported that he conducted the tattoo business from the basement.